**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-----------------------------------------------------------------X**
**MIA PARKER,**

**Case No.: 1:26-cv-02193-JGK**

**Plaintiff,**

**-against-**

**SUCCESS ACADEMY CHARTER SCHOOL and**
**ANA ALONSO,**

**Defendants.**
**-----------------------------------------------------------------X**

# <u>STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER</u>

JOHN G. KOELTL, District Judge:

WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a "Party") anticipate that discovery will require the disclosure of nonpublic, personal, medical, personnel, and other sensitive information belonging to the Parties or to non-parties, and request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of such information;

WHEREAS, the Parties, through their respective counsel, have agreed to the following terms of confidentiality; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order shall adhere to the following terms, upon pain of contempt:

1. **Discovery Material Governed by This Order**. This Order governs "Discovery Material," meaning all information of any kind produced or disclosed in the course of discovery in this action, including documents, electronically stored information, written discovery responses, deposition testimony and transcripts, deposition exhibits, and any copies, excerpts, summaries, or compilations thereof. With respect to Discovery Material that a person or Party has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone except as expressly permitted hereunder.

2. **Designation Standard**. The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate as "Confidential" only that portion of such material that it reasonably and in good faith believes consists of:

(a) medical, mental-health, or other health information, including information protected from disclosure under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or similar federal, state, or local law;

(b) personnel or employment records concerning current or former employees, including performance evaluations, disciplinary records, compensation and benefits information, and requests for accommodation or leave;

(c) personal identifying information, including social security numbers, dates of birth, home addresses, driver's license numbers, and financial account numbers;

(d) previously nondisclosed financial, business, or proprietary information the disclosure of which could cause competitive or economic harm to the Producing Party;

(e) information of a personal, private, or intimate nature regarding any individual, the disclosure of which would be an unwarranted invasion of personal privacy; or

(f) any other category of information given confidential status by this Court after the date of this Order.

3. **No Confidentiality By Production Alone**. Discovery Material shall not be designated as Confidential merely because it is produced in discovery, is adverse to a Party's position, or may cause embarrassment. Nothing in this Order shall preclude a Party from using or disclosing its own Confidential Discovery Material as it sees fit.

4. **Manner of Designation**. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking the protected portion with the legend "CONFIDENTIAL" in a manner that will not interfere with its legibility or audibility. For electronically stored information or other materials where stamping is impracticable, the designation may be made in the file name or by written notice identifying the specific material. The designation shall be made prior to, or contemporaneously with, the production or disclosure of the material.

5. **Deposition Testimony and Exhibits**. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after the transcript becomes available, of the specific pages and lines that are to be designated "Confidential." During the thirty (30) day period following a deposition, all Parties shall treat the entire deposition transcript as if it had been designated Confidential.

6. **Inadvertent Failure to Designate.** If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion of Discovery Material that it previously produced without such designation, the Producing Party may so designate by notifying all Parties in writing. An inadvertent failure to designate does not, by itself, waive the Producing Party's right to designate such material as Confidential. Thereafter, all persons subject to this Order shall treat the newly designated material as Confidential, and the Producing Party shall provide replacement copies bearing the "CONFIDENTIAL" designation within a reasonable time. Disclosure of such material to persons not authorized to receive it that occurred before the receiving Party received notice of the designation shall not be deemed a violation of this Order.

7. **Permitted Use.** Confidential Discovery Material may be used solely for the prosecution, defense, settlement, mediation, or appeal of this action, and for no other purpose or in any other litigation or proceeding. Nothing in this Order shall affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

8. **Permitted Disclosure.** Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such Confidential Discovery Material only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

Case 1:26-cv-02193-JGK Document 16 Filed 11/18/26 Page 5 of 12

(c) outside vendors or service providers (such as copy-service providers, litigation-support vendors, and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the Non-Disclosure Agreement annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the Non-Disclosure Agreement annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed the Non-Disclosure Agreement annexed as Exhibit A hereto;

(h) stenographers and court reporters engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

9. **Non-Disclosure Agreement.** Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), or 8(g) above, counsel must provide a copy of this Order to such person, who must first execute the Non-Disclosure Agreement annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to

Case 1:26-cv-02193-JGK Document 16 Filed 11/18/26 Page 6 of 12

opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. **Precautions.** Each person who has access to Discovery Material designated as Confidential pursuant to this Order shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. **Challenges to Designations.** Any Party who objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. The Parties shall confer in good faith in an effort to resolve the dispute without Court intervention. If the Parties cannot reach agreement promptly, counsel for all affected persons shall address their dispute to this Court in accordance with the Court's Individual Practices. The designating person bears the burden of demonstrating that the designation is warranted. Pending resolution of the dispute, the material at issue shall continue to be treated as Confidential.

12. **Reservation of Rights.** Nothing in this Order shall be construed as: (a) a waiver by any Party of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. This Order does not constitute an admission that any material designated as Confidential is in fact confidential, relevant, or admissible.

13. **AI Tools.** Confidential Matter as defined herein shall not be submitted, uploaded, disclosed, or otherwise provided to any Artificial Intelligence Tool (whether through direct input or document upload, in whole or in part) except as permitted by this Order and solely for the purposes of this litigation. For the purposes of this Order, "Artificial Intelligence Tool" or "AI

Tool" means any software, platform, model, chatbot, or similar service using artificial intelligence, machine learning, large language models, generative AI, automated analytics, or similar technology to process, analyze, classify, summarize, search, translate, draft, generate, or otherwise assist with content. Confidential Matter shall not be used with any publicly accessible, open, or consumer-facing AI Tool including but not limited to: OpenAI's ChatGPT consumer products, Google Gemini consumer products, Anthropic's Claude consumer products, Microsoft Copilot consumer products, or any substantially similar tool generally available to the public. Input of Confidential Matter into such a tool is considered an unauthorized disclosure to a third party for purposes of this Order. To the extent any Party uses any AI Tool, Confidential Matter entered into the AI Tool and results received from the AI Tool shall (i) be accessible only to authorized persons as defined herein, (ii) be protected by secure data encryption, (iii) not be accessible to the public or to unauthorized third parties, and (iv) not be used to train, improve, or develop any public models or tools. A Party using any AI Tool shall ensure that Confidential Matter can be deleted from the AI Tool, including any derivative information stored within the AI Tool. This paragraph shall apply even where information has been redacted, anonymized, summarized, paraphrased, or otherwise derived from Confidential Matter. Any inputs, prompts, outputs, summaries, analyses, or other materials created from or reflecting Confidential Matter shall be treated as Confidential Matter under this Order. In addition, inputs, prompts, outputs, summaries, analyses, or other materials created from or reflecting Confidential Matter shall not constitute a waiver of any privilege, work-product or other protections. If a Party learns that Confidential Matter has been disclosed to an AI Tool in violation of this Order, it shall promptly notify the producing Party, identify the Material and AI Tool involved, take reasonable steps to delete or remove the Material,

and cooperate in good faith regarding remediation. Such unauthorized use shall not waive any confidentiality, privilege, work-product or other protection.

14. **Filing Under Seal.** This Order does not, by itself, authorize the filing of any material under seal. A Party seeking to file with the Court any Confidential Discovery Material, or any pleading, motion, or other paper that discloses Confidential Discovery Material, must comply with the Local Civil Rules of the Southern District of New York, the Court's Electronic Case Filing Rules and sealing procedures, and the Court's Individual Practices. Any request to seal or redact must be narrowly tailored to the specific interest justifying the limitation, and redaction shall be used in preference to sealing an entire document where feasible. Before filing or referencing Confidential Discovery Material in a court submission, the filing Party shall confer with the designating Party to determine whether the designation can be removed, whether the material can be redacted, or whether a motion to seal is warranted. The Party asserting confidentiality bears the burden of demonstrating good cause for sealing, and neither the Parties' agreement nor the existence of a confidentiality designation, standing alone, is a sufficient basis to seal. In accordance with Federal Rule of Civil Procedure 5.2 and the Court's ECF privacy rules, the Parties may redact from public filings, without prior Court approval, the categories of personal identifying information identified therein.

15. **No Confidential Treatment Presumed.** All persons are placed on notice that the Court has not made any finding regarding the confidentiality of any Discovery Material, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. The Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material was previously sealed or designated as Confidential.

16. **Inadvertent Disclosure of Privileged Material.** Pursuant to Federal Rule of Evidence 502(d) and (e), if a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information or its subject matter, in this or any other federal or state proceeding.

17. **Procedure for Inadvertent Disclosure.** If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall not thereafter review the Inadvertently Disclosed Information for any purpose except by order of the Court. Within five(5) days of receiving written notice of the claim, the receiving Party shall return, sequester, or destroy all copies of the Inadvertently Disclosed Information, along with any notes, abstracts, or compilations of its content, and shall provide a certification of counsel that it has done so. If the Inadvertently Disclosed Information has been loaded into a litigation review database under the control of the receiving Party, the receiving Party shall have all electronic copies extracted from the database. If the receiving Party disclosed the information before being notified, it shall take reasonable steps to retrieve it.

18. **Privilege Log; Resolution of Disputes.** Within ten (10) days of the notification that Inadvertently Disclosed Information has been returned, sequestered, or destroyed, the disclosing Party shall produce a privilege log with respect to that information consistent with the Federal Rules of Civil Procedure. The receiving Party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The party filing shall request to file the motion under seal and the motion shall not assert as a ground for such motion the fact or circumstances of the inadvertent disclosure. The disclosing Party retains the burden of establishing

the privileged or protected nature of the information. Nothing in this Order limits the right of any Party to request an in camera review of the Inadvertently Disclosed Information.

19. **Compulsory Disclosure Sought in Other Proceedings.** If a Party is served with a subpoena, court order, or other compulsory process issued in other litigation, or is otherwise required by law or a government agency, that would compel disclosure of any Confidential Discovery Material, that Party must promptly notify the designating Party in writing, include a copy of the subpoena, order, or demand, and inform the person or entity that caused the process to issue that the material is subject to this Order by providing a copy of this Order. The Party shall not produce the Confidential Discovery Material before the time allowed under the process and, where practicable, at least ten (10) days after providing notice, so that the designating Party may bear the burden of opposing disclosure if it deems it appropriate to do so.

20. **Unauthorized Disclosure.** If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, that Party must immediately: (a) notify the designating Party in writing of the unauthorized disclosure; (b) use its best efforts to retrieve all unauthorized copies of the material; (c) inform the person or persons to whom the unauthorized disclosure was made of the terms of this Order; and (d) request that such person or persons execute the Non-Disclosure Agreement annexed as Exhibit A hereto.

21. **HIPAA-Protected Information.** Confidential Discovery Material that also meets the definition of "Protected Health Information" under HIPAA shall not be used or disclosed by any Party for any purpose other than this litigation, and (together with all copies) shall be returned to the source of the Protected Health Information or destroyed at the conclusion of this action.

22. **Return or Destruction.** Within sixty (60) days after the final disposition of this action, including all appeals, all recipients of Confidential Discovery Material shall either return it, including all copies, to the Producing Party or, upon permission of the Producing Party, destroy it, including all copies. In either event, the recipient shall, by the sixty (60) day deadline, certify in writing to the Producing Party its return or destruction and that it has not retained any copies, abstracts, compilations, summaries, or other reproductions of the Confidential Discovery Material. Notwithstanding the foregoing, counsel of record may retain one archival copy of pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, and attorney work product, even if such materials contain Confidential Discovery Material. Any such retained materials remain subject to this Order.

23. **Survival and Jurisdiction.** This Order shall survive the termination of this action and shall continue to bind all persons subject to it. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligation arising hereunder or to impose sanctions for any contempt thereof. The computation of any period of time prescribed by this Order shall be governed by Federal Rule of Civil Procedure 6.

24. **Modification.** Any Party may seek modification of this Order for good cause shown. Should any portion of this Order be deemed unenforceable, that determination shall not invalidate the remainder of this Order.

SO STIPULATED AND AGREED.

**GODDARD LAW PLLC**

By: ____________________
Megan. S. Goddard, Esq.
Clela A. Errington, Esq.
29 Broadway, 27th Floor
New York, New York 10006
Tel: (646) 504-8363
Fax: (212) 208-2914
Megan@goddardlawnyc.com
Clela@goddardlawnyc.com

*Attorneys for Plaintiff*
*Mia Parker*

Dated: New York, New York
November 17, 2026

**JACKSON LEWIS P.C.**

By: */s/ Diane Windholz*
Diane Windholz, Esq.
666 Third Avenue, 29th Floor
New York, New York 10017
Tel: (212) 545-4000
Diane.Windholz@jacksonlewis.com

*Attorneys for Defendants*
*Success Academy Charter School*
*and Ana Alonso*

Dated: New York, New York
November 17, 2026

SO ORDERED.

Dated: New York, New York
11/18, 2026

[signature]
HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

This order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.
So ordered.
11/18/26 [signature]
U.S.D.J.